BRIAN MILLSAP V. SHOW TRUCKS USA, INC.



NO. 07-03-0348-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 27, 2004


______________________________



DELBERT LEE BURKETT,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 284TH DISTRICT COURT OF MONTGOMERY COUNTY;



NO. 03-05-03402-CR; HON. JOANN OTTIS, PRESIDING


_______________________________



ABATEMENT AND REMAND


__________________________________



Before QUINN, REAVIS and CAMPBELL, JJ.

 Delbert Lee Burkett (appellant) appeals his conviction for indecency with a child. 
The clerk's record was filed on October 27, 2003 and the reporter's record was filed on
January 13, 2004. Thus, appellant's brief was due on February 12, 2004. However, one
was not filed on that date. So, this Court notified counsel for appellant, by letter on
February 19, 2004, that neither the brief nor an extension of time to file same had been
filed. We also admonished counsel for appellant that if he did not respond to the court's
letter by March 1, 2004, the appeal would be abated to the trial court. On March 1, 2004,
counsel for appellant moved this court for additional time to file a brief. The motion was
granted and the deadline was extended to April 1, 2004. That date too passed without
appellant filing a brief or motion to extend the deadline. 

 We again contacted counsel for appellant, by letter dated April 12, 2004, informing
him of the default and explaining that if "no satisfactory response to [the April 12th] notice
is filed by . . . April 22, 2004, the appeal will be abated . . . ." A day after the April 22
deadline, counsel for appellant sent the court another motion for extension of time. 
Therein, he requested that he be given "30 more days to file the brief." To justify the
additional delay, counsel informed us that "I need more time since I'm quite busy, and
Westlaw is still a trial." So too were we told by him that "[a]ppellate work is 'extra,' and I've
simply fallen behind" and "I do not expect to ask again." 

 Being "quite busy" and unable to navigate Westlaw were also offered as justification
for his earlier request for extension. And in response to it, we told counsel that the normal
press of business is not good cause justifying delay. Nonetheless, counsel again tells us
that he remains too busy to attend to an area of litigation, i.e. appellate work, that he
apparently trivializes as "'extra.'" So, too did he wait until after expiration of the latest
deadline to reveal to us his view of the task assigned him. Indeed, that he has complied
with none of the deadlines imposed on him to date and that this court had to contact him
about their lapse on most occasions evinces a disregard for the authority of the judiciary. 
 An appeal is not a trivial matter to be shunted aside by an attorney. Nor are the
deadlines established by the court to be ignored. Doing so disserves our system of justice
and falls short of the zealousness with which counsel is obligated to represent his client. 
Simply put, the response received from counsel to our April 12th missive is unsatisfactory. 
Further delay cannot be countenanced given the reasons he offered here. Accordingly, we
abate this appeal and remand the cause to the 284th District Court of Montgomery County
(trial court). Upon remand, the trial court shall immediately cause notice of a hearing to be
given and, thereafter, conduct a hearing to determine the following:

 1. whether appellant desires to prosecute the appeal;

 

 2. whether appellant is indigent and entitled to appointed counsel; and,


 3. whether appellant has been denied the effective assistance of counsel
due to appellate counsel's failure to timely file an appellate brief. See
Evitts v. Lucey, 469 U.S. 387, 394, 105 S.Ct. 830, 834-35, 83 L.Ed.2d
821, 828 (1985) (holding that an indigent defendant is entitled to the
effective assistance of counsel on the first appeal as of right and that
counsel must be available to assist in preparing and submitting an
appellate brief). 

 Should the trial court find that appellant desires to pursue this appeal, is indigent,
and has been denied effective assistance of counsel, then we further direct it to appoint
new counsel to assist him in the prosecution of the appeal. We further direct the trial court
to issue findings of fact and conclusions of law addressing the foregoing subjects. The
name, address, phone number, telefax number, and state bar number of the new counsel
who will represent appellant on appeal must also be included in the trial court's findings of
fact and conclusions of law. Furthermore, the trial court shall also cause to be developed
1) a supplemental clerk's record containing the findings of fact and conclusions of law and
2) a reporter's record transcribing the evidence and argument presented at the
aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's
record to be filed with the clerk of this court on or before May 26, 2004. Should additional
time be needed to perform these tasks, the trial court may request same on or before May
26, 2004.

 It is so ordered.

 Per Curiam

Do not publish.



AN STYLE="font-family: Arial"> At the disposition hearing, a court "may consider written reports from probation
officers . . . or professional consultants in addition to the testimony of witnesses." Id. at (b).
Regarding the disposition in the present case, the court relied on the sex offender
assessment summarized in Dr. Shapiro's report and the testimony of probation officer Reba
Moore. Doctor Shapiro indicates in her report that M.L.B. admits committing the offense
but shows a lack of empathy for the victim and is developing a "deviant pattern of sexual
arousal." She recommends M.L.B. receive intensive sex offender treatment to deal with
his sexual behavioral problems and recommends participation in treatment and support
groups. Based on her assessment, Dr. Shapiro concludes there is a risk M.L.B. will
reoffend unless he is placed in a secure facility where he can receive sex offender therapy. 

 In addition to Dr. Shapiro's report, Moore testified that a TYC commitment would be
necessary to protect the victim and other children in the family and that TYC was the only
secured facility in the court's jurisdiction with a sex offender therapy program. When
questioned specifically regarding the quality of care and level of support in the home,
Moore stated that, due to the closeness of the family and lack of supervision, the family
interactions "might not protect the victim." She also stated her opinion that removal of
M.L.B. from the home would be necessary for the healing of the family. Considering the
evidence presented at the disposition hearing in a light favorable to the judgment, we
conclude there is more than a scintilla of probative evidence to support the findings
required by sections 54.04(c) and 54.04(i). M.L.B.'s issue is overruled.

 Accordingly, the trial court's order of disposition is affirmed.

 Don H. Reavis

 Justice